UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------------ x

SAMUEL RAMIREZ,

                                          PLAINTIFF,                 **COMPLAINT**

                         -AGAINST-                     **18-CV-11089**

NEW YORK CITY, SERGEANT JOAN FERREIRA,
POLICE OFFICER JUSTIN VARTANIAN and POLICE
OFFICER ALEXANDRA ISABELLE, individually, and in
their capacity as members of the New York City Police
Department,

                                       DEFENDANTS.

------------------------------------------------------------------------ x

## PRELIMINARY STATEMENT

1.  This is a civil action in which Plaintiff Mr. Samuel Ramirez ("Mr. Ramirez") seeks

    relief for the violation of his rights secured by 42 USC 1983, the Fourth and

    Fourteenth Amendments to the United States Constitution.

2.  The claims arise from an incident on or about May 9, 2018, in which officers of the

    New York City Police Department ("NYPD"), acting under color of state law,

    intentionally and willfully subjected Mr. Ramirez to, *inter alia*, Excessive force,

    Denial of right to fair trial, Failure to intervene, and Malicious prosecution.

3.  Plaintiff seeks monetary damages (special, compensatory and punitive) against

    Defendants and an award of costs and attorneys' fees, and such other and further

    relief as the Court deems just and proper.

## JURISDICTION

4.  This action is brought pursuant to 28 USC 1331, 42 USC 1983, and the Fourth and Fourteenth Amendments to the United States Constitution.

5.  Venue is laid within the United States District Court for the Southern District of New York in that the events giving rise to the claim occurred within the boundaries of the Southern District of New York.

## PARTIES

6.  Plaintiff, Mr. Ramirez, is a 19-year-old citizen of the United States and at all times here relevant resided at 1312 College Avenue, Bronx, New York 10456.

7.  New York City is a municipal corporation organized under the laws of the State of New York.

8.  Sergeant Joan Ferreira ("Sgt. Ferreira"), Police Officer Justin Vartanian ("PO Vartanian") and Police Officer Alexandra Isabelle ("PO Isabelle") at all times here relevant were members of the NYPD, and are sued in their individual and professional capacities.

9.  At all times mentioned, Defendants were acting under color of state law, under color of the statutes, ordinances, regulations, policies, and customs and usages of the City of New York.

## FACTUAL ALLEGATIONS

10. Mr. Ramirez is 19-years old and is an automotive technology student at Bronx Community College.

11. Mr. Ramirez also works for Target.

12. On or about May 9, 2018, at approximately 7:20 pm, Mr. Ramirez was with a group of friends on Amsterdam Avenue in upper Manhattan.

13. Mr. Ramirez and his friends were riding motorcycles on the street.

14. Mr. Ramirez was in the middle of completing a "wheelie" on the street when, without warning or legal justification, Sgt. Ferreira deliberately swerved his police vehicle and intentionally struck Mr. Ramirez.

15. As a result of the forceful impact, Mr. Ramirez was knocked off his bike.

16. Mr. Ramirez landed on the windshield of the police vehicle, before falling to the ground.

17. PO Vartanian and PO Isabell exited the police vehicle.

18. PO Isabell immediately asked Mr. Ramirez if he was ok.

19. Mr. Ramirez informed the officers, in sum and substance, that the officer hit him and that he was hurt.

20. PO Vartanian grabbed Mr. Ramirez and pulled him up from the floor.

21. PO Vartanian handcuffed Mr. Ramirez behind his back.

22. PO Vartanian falsely stated that Mr. Ramirez hit the police vehicle.

23. Mr. Ramirez complained that his back and legs were hurting and that he was in pain all over his body.

24. An ambulance was called and arrived on the scene, however Mr. Ramirez was not treated on the scene.

25. Mr. Ramirez was taken to the 39th Precinct in the police vehicle.

26. At the precinct Mr. Ramirez was transferred to the ambulance and taken to Harlem Hospital.

27. Mr. Ramirez' arms and legs were shackled in the ambulance.

28. Subsequently, Mr. Ramirez was taken back to the 39th Precinct and processed.

29. In the Arrest Report, PO Vartanian falsely stated that Mr. Ramirez, while on his bike, "did strike unmarked police vehicle and other parked vehicle."

30. As a result, on May 10, 2018, Mr. Ramirez was charged with (PL 120.20) Reckless Endangerment in the Second Degree and (VTL 1212) Reckless Driving.

31. In the Criminal Court Misdemeanor Complaint, PO Vartanian falsely stated, "I then observed the defendant strike the vehicle that I was riding in."

32. PO Vartanian made these false statements in order to issue charges against Mr. Ramirez and thereby cover-up the fact that Sgt. Ferreira intentionally struck Mr. Ramirez with the police vehicle.

33. Mr. Ramirez had to attend court on several occasions until all charges were dismissed on or about October 17, 2018.

34. On or about July 20, 2018, Mr. Ramirez received a letter from the New York City Comptroller's Office, demanding payment in the amount of $2,252.10 regarding damage to the police vehicle.

35. As a result of the incident, Mr. Ramirez's bike was damaged.

36. Mr. Ramirez continues to suffer physically from injuries sustained in the incident.

37. Mr. Ramirez has suffered following the incident and feels fear, embarrassment, humiliation, emotional distress, frustration, anxiety, and loss of liberty.

### FIRST CAUSE OF ACTION

(42 USC 1983 – Excessive Force)

38. Plaintiff repeats and realleges each of the preceding allegations of this Complaint as if fully set forth herein.

39. Defendants have deprived Plaintiff of his civil, constitutional and statutory rights under color of law and are liable to Plaintiff under 42 USC 1983.

40. Defendants have deprived Plaintiff of his right to be free of unreasonable searches and seizures, pursuant to the Fourth and Fourteenth Amendments to the United States Constitution, in that Defendants used excessive and unreasonable force in effecting the arrest of Plaintiff.

41. Plaintiff has been damaged as a result of Defendants' actions in an amount believed to equal or exceed the jurisdictional limit of this Court.

**SECOND CAUSE OF ACTION**

(42 USC 1983 –Denial of Right to a Fair Trial)

42. Plaintiff repeats and realleges each of the preceding allegations of this Complaint as if fully set forth herein.

43. Defendant have deprived Plaintiff of his civil, constitutional and statutory rights under color of law and are liable to Plaintiff under 42 USC 1983.

44. Defendants have deprived Plaintiff of his right to a fair trial, pursuant to the Fourteenth and Sixth Amendments to the United States Constitution.

45. Defendants created false information likely to influence a jury's decision and then forwarded that information to prosecutors, resulting in Plaintiff suffering a deprivation of liberty and a violation of his rights.

46. Plaintiff has been damaged as a result of Defendants' actions in an amount believed to equal or exceed the jurisdictional limit of this Court.

## THIRD CAUSE OF ACTION

### (Failure to Intervene)

47. Plaintiff repeats and realleges each of the preceding allegations of this Complaint as if fully set forth herein.

48. Defendant PO Vartanian violated Mr. Ramirez's constitutional rights by fabricating evidence and forwarding it to the District Attorney's office.

49. Defendants Sgt. Ferreira and PO Isabell knew, or should have known, that PO Vartanian fabricated evidence against Mr. Ramirez in both the Arrest Report and Criminal Court Complaint.

50. Defendants Sgt. Ferreira and PO Isabell failed to intervene to prevent PO Vartanian from forwarding false information to the District Attorney.

51. Defendants Sgt. Ferreira and PO Isabell had sufficient time to intercede and had the capability to prevent PO Vartanian from forwarding false information to the District Attorney and violating Plaintiff's rights.

52. Plaintiffs have been damaged a result of Defendants actions in an amount believed to equal or exceed the jurisdictional limit of this court.

## FOURTH CAUSE OF ACTION

### (42 USC 1983 – Malicious Prosecution)

53. Plaintiff repeats and realleges each of the preceding allegations of this Complaint as if fully set forth herein.

54. Defendants have deprived Plaintiff of his civil, constitutional and statutory rights under color of law and are liable to Plaintiff under 42 USC 1983.

55. Defendants have deprived Plaintiff of his right to be free of unreasonable searches and seizures, pursuant to the Fourth and Fourteenth Amendments to the United States Constitution, in that Plaintiff was maliciously prosecuted by Defendants.

56. The malicious prosecution was initiated by Defendants without legal justification and without probable cause, in that Defendants caused the commencement and continuation of criminal proceedings against Plaintiff, the proceedings terminated in favor of Plaintiff, and in that the action was commenced and continued intentionally and with malice and deliberate indifference to Plaintiff's rights.

57. Plaintiff has been damaged a result of Defendants' actions in an amount believed to equal or exceed the jurisdictional limit of this Court.

**FIFTH CAUSE OF ACTION**

(42 USC 1983 – Malicious Abuse of Process)

58. Plaintiff repeats and realleges each of the preceding allegations of this Complaint as if fully set forth herein.

59. Defendants have deprived Plaintiff of his civil, constitutional and statutory rights under color of law and are liable to Plaintiff under 42 USC 1983.

60. Defendants have deprived Plaintiff of his right to be free of unreasonable searches and seizures, pursuant to the Fourth and Fourteenth Amendments to the United States Constitution, in that Plaintiff suffered from Defendants' malicious abuse of process.

61. Defendants employed regularly issued legal process to compel performance or forbearance of an act, with intent to do harm to Plaintiff and without excuse or justification, and in order to obtain a collateral objective that was outside the legitimate ends of the process.

62. Plaintiff has been damaged a result of Defendants' actions in an amount believed to

equal or exceed the jurisdictional limit of this Court.

## JURY DEMAND

63. Plaintiff demands a trial by jury.

WHEREFORE, Plaintiff respectfully requests that the court enter a Judgment against Defendants

together with costs and disbursements as follows:

> In favor of Plaintiff in an amount to be determined by a jury, but at least equal or exceeding the jurisdictional limit of this Court for each of Plaintiff's causes of action;
> Awarding Plaintiff punitive damages in an amount to be determined by a jury;
> Awarding Plaintiff reasonable attorneys' fees, costs and disbursements of this action;
> And such other and further relief as the Court deems just and proper.

Dated:       New York, New York
             November 28, 2018

                                    By:    _____/s/_____
                                           Malcolm Anderson (MA 4852)
                                           PetersonDelleCave LLP
                                           Attorney for Plaintiff
                                           233 Broadway, Suite 1800
                                           New York, NY 10279
                                           (212) 240-9075